**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAWN JOHNSON, | : | |
| Petitioner, | : | Civil Action No. 15-8322 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**SHIPP, District Judge**

Pro se Petitioner Shawn Johnson, confined at the New Jersey State Prison in Trenton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court denied the Petition on January 17, 2017. (Order, Jan. 17, 2017, ECF No. 14.) Presently before the Court is Petitioner's motion for reconsideration (ECF No. 15), requesting the Court to reconsider its denial, and an application for emergent relief (ECF No. 18).

Because Petitioner filed his motion for reconsideration within 28 days of the Court's denial, the Court construes the motion as one filed under Federal Rule of Civil Procedure 59(e). The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Id.*; *see* L. Civ. R. 7.1(i) (governing motions for reconsideration). To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice." *Blystone*, 664 F.3d at 415; *see U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *Id.* at 78.

Here, Petitioner requests reconsideration on four grounds, but Grounds One, Two, and Three essentially raise the same substantive issue, which is addressed *infra*. Ground Four asserts that there has been an intervening change in law, but Petitioner cites to no law that has changed since the Court's habeas denial. Indeed, the latest case cited in Petitioner's brief is a 2015 Third Circuit case, which well predates the Court's denial. Given the fact that the motion for reconsideration was filed ten days after the Court's denial, it is not a surprise that Petitioner was unable to point to an intervening change in the controlling law. As such, the Court denies relief on Ground Four.

With regard to the substantive issue, Petitioner asserts that the Court overlooked Petitioner's habeas claim based on newly discovered evidence, in the form of an affidavit from an individual named Tyshan Smalls. As the Court opined in its denial,

> [i]n federal habeas proceedings, this Court is forbidden from considering new evidence that was not presented to the state court unless it is "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). This affidavit, of course, *was* previously discovered, during the state PCR proceedings, so it cannot be "newly discovered" evidence for the purposes of the instant Petition.

(Mem. Op. 4-5, Jan. 17, 2017, ECF No. 13.) Petitioner does not dispute this finding, acknowledging that the affidavit was actually presented to the state court. (*See* Pet'r's Br. 10, ECF

2

No. 15-2.) Instead, Petitioner asserts the Court failed to realize that the affidavit was never considered by the state court, an assertion that is contradicted by the record. As the Court found in its denial, the state court considered the evidence and simply found it not credible. (Mem. Op. 4, Jan. 17, 2017.) Thus, Petitioner points to no error or mistake made by this Court—he merely disagrees with this Court's findings, which is not a valid ground for relief on a Rule 59(e) motion. Accordingly, relief is denied, and the motion for reconsideration is denied in its entirety.[1]

With regard to the application for emergent relief, Petitioner's sole argument for relief is that because the State did not file opposition to his motion for reconsideration, his motion must be granted. A court may *not*, however, grant a dispositive motion simply because it is unopposed. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Instead, the Court must conduct its own merits analysis of the motion to decide whether it should be granted—to do otherwise would be to ignore the standard of review applicable to the motion. *Id.* Having already denied Petitioner's motion for reconsideration, the Court denies his application for emergent relief.

                                                  /s/ Michael A. Shipp
                                                  MICHAEL A. SHIPP
                                                  UNITED STATES DISTRICT JUDGE

Dated: 7/18/17

---

[1] Petitioner attempts to morph his claim into some form of a *Brady* claim, which was never raised in the original Petition or in the state court, so the Court does not consider this claim. *See* 28 U.S.C. § 2254(b)(1) (habeas relief unavailable for claims that were not exhausted in state court).